IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Filed in Open Court
4/5/2022
Skyler B. O'Hara
By _____ Deputy

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                      Case No. 19-20052-JAR

FENG TAO,

      Defendant.

## JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to instruct you on the law applicable to this case. In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is your duty, as judges of the facts, to follow and apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

INSTRUCTION NO. 2

The Second Superseding Indictment charges substantially as follows:

### *The Defendant's Scheme to Defraud*

1.      From in or about May 2017 through on or about August 21, 2019, Defendant **FENG "FRANKLIN" TAO** engaged in a scheme to defraud the University of Kansas (KU) and the United States Government (USG) to obtain money and property from KU, the Department of Energy (DOE), and the National Science Foundation (NSF), to include USG grant funds and his KU salary.

### *Purpose of the Scheme*

2.      The purposes of the scheme were for Dr. Tao to obtain USG grant funds and his KU salary under false pretenses, and to conceal the scheme.

### *Manners and Means of the Scheme*

3.      As part of the scheme to defraud KU and the USG, Dr. Tao provided Fuzhou University (FZU) with technical training, scientific expertise, and research as a Chang Jiang Distinguished Professor at FZU, while purporting to remain loyal to KU, his employer.

4.      It was a further part of the scheme to defraud KU and the USG that Dr. Tao traveled to the People's Republic of China (PRC) for a significant period of time between May 2018 and August 2019 to fulfill his contractual obligations to FZU, while remaining employed by KU and obtaining USG grant funds through that employment.

5.      It was a further part of the scheme to defraud KU and the USG that Dr. Tao, having a duty to disclose, concealed from KU and USG agencies his affiliation with FZU, his participation in the PRC's Chang Jiang Scholar Program, and the associated financial and other benefits.

6.      It was a further part of the scheme to defraud KU and the USG that Dr. Tao fraudulently maintained his employment with KU to obtain access to KU's research facilities and equipment and USG grant funds.

7.      It was a further part of the scheme to defraud KU and the USG that Dr. Tao caused KU to rely on his material misrepresentations to request funds from DOE and NSF for expenditures associated with his USG-funded research at KU.

8.      It was a further part of the scheme to defraud KU and the USG that Dr. Tao made the following material misrepresentations, among others:

(A)      On or about May 17, 2018, Dr. Tao submitted a proposal to KU for a collaborative research project with FZU, to be funded by FZU, and thereafter requested to use part of the project's budget to absolve him from his KU teaching responsibilities for the Spring 2019 semester.  In doing so, Dr. Tao concealed his employment by FZU and his plan to travel to the PRC to fulfill his contractual obligations to FZU between in or about December 2018 and August 2019.

(B)      On or about July 16, 2018, in connection with a DOE grant, Dr. Tao falsely represented to DOE that he was only receiving, and only expected to receive, USG funding; when in truth, as Dr. Tao then knew, he was working for FZU as a Chang Jiang Distinguished Professor and was receiving, and expected to receive, funding from FZU and the PRC.

(C)      On or about September 25, 2018, Dr. Tao falsely stated on his 2019 Institutional Responsibilities form that he did not have any conflicts of time or interest; when in truth, as Dr. Tao then knew, he was working for FZU as a Chang Jiang

Distinguished Professor and was receiving, and expecting to receive, funding from FZU and the PRC, in addition to other financial benefits.

(D)     On or about June 15, 2019, in connection with the above-described DOE grant, Dr. Tao submitted a Progress Report to DOE's Office of Science, in which he falsely represented that he had no changes to his current support; when in truth, as Dr. Tao then knew, he was working for FZU as a Chang Jiang Distinguished Professor and was receiving, and expected to receive, funding from FZU and the PRC.

**COUNTS ONE THROUGH SIX**

Counts One through Six of the Second Superseding Indictment charge the defendant, Dr. Tao, with wire fraud, in violation of Title 18 United Sates Code, Sections 1343 and 2. Specifically, the Second Superseding Indictment alleges:

9.     From in or about May 2017 through on or about August 21, 2019, in the District of Kansas and elsewhere, the defendant, Dr. Tao, did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and half-truths, and by concealment of material facts with a duty to disclose.

10.     On or about the dates set forth below, in the District of Kansas and elsewhere, the defendant, for the purpose of executing such scheme and artifice and attempting to do so, transmitted, and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, and signals, to wit, the wire communications described below:

| COUNT | DATE | DESCRIPTION OF WIRE |
|-------|------|---------------------|
| ONE | November 11, 2017 | Email from Kansas to the Consulate General of the People's Republic of China in Illinois regarding Dr. Tao's travel to Fuzhou University |

| TWO | December 11, 2017 | Electronic submission of Dr. Tao's U.S. Department of Energy grant application from Kansas to a location outside Kansas |
| THREE | June 26, 2018 | Email from outside the United States to the University of Kansas regarding Dr. Tao's proposal for a collaborative research project with Fuzhou University |
| FOUR | July 16, 2018 | Email from outside the United States, through Kansas, to the U.S. Department of Energy regarding Dr. Tao's updated current and pending support |
| FIVE | September 25, 2018 | Electronic submission of Dr. Tao's 2019 Institutional Responsibilities form from Kansas to a location outside Kansas |
| SIX | March 17, 2019 | Email from outside the United States, through Kansas, to a location outside Kansas regarding Dr. Tao's application for National Natural Science Foundation of China funding |

Each count a separate offense, in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS SEVEN AND EIGHT

Counts Seven and Eight of the Second Superseding Indictment charge the defendant, Dr. Tao, with making false statements in a matter within the jurisdiction of the executive branch, in violation of Title 18 United States Code, Sections 1001 and 2.

**Count Seven alleges:**

On or about September 25, 2018, in the District of Kansas and elsewhere, the defendant, Dr. Tao, willfully and knowingly made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the United States Government, to wit: through his submission of an Institutional Responsibilities form, Dr. Tao falsely represented to the University of Kansas, an institution that requested and received funds from the U.S. Department of Energy and the National Science Foundation, that he had no

conflicts of time or interest; when in truth, as Dr. Tao then knew, he was affiliated with FZU as a

Chang Jiang Distinguished Professor and was receiving financial and other benefits, which he

had a duty to disclose.

In violation of Title 18, United States Code, Sections 1001 and 2.

**Count Eight alleges:**

On or about July 16, 2018, in the District of Kansas and elsewhere, the defendant, Dr.

Tao,, willfully and knowingly made materially false, fictitious, and fraudulent statements and

representations in a matter within the jurisdiction of the executive branch of the United States

Government, to wit: in connection with a University of Kansas grant application, Dr. Tao falsely

represented to the U.S. Department of Energy that he was receiving, and expected to receive,

funding from U.S. Government agencies only; when in truth, as Dr. Tao then knew, he was

receiving, and expected to receive, funding from the People's Republic of China and Fuzhou

University.

In violation of Title 18, United States Code, Sections 1001 and 2.

INSTRUCTION NO. 3

An indictment is but a formal method of accusing a defendant of a crime.  It is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt.  It is a mere charge or accusation—nothing more and nothing less.

INSTRUCTION NO. 4

The Indictment charges that the crime was committed "on or about" a certain date. It is not necessary that the proof establish with certainty the exact date of the alleged crime. It is sufficient if the evidence shows beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

INSTRUCTION NO. 5

Whenever the word "he" is used in these instructions, you may consider it as applying equally to a woman.  In like manner, the use of the singular of a word may be taken equally to mean the plural.

INSTRUCTION NO. 6

The Indictment charges the defendant with committing an offense in several ways, using the conjunctive language "and." However, the law is worded in the disjunctive, that is, the various modes or methods of violating the statute are separated by the word "or." It is sufficient if the government proves the offense in the disjunctive, that is, proof beyond a reasonable doubt that any one method or way of violating the law occurred.

INSTRUCTION NO. 7

To the charges contained in the Indictment, the defendant has entered pleas of "not guilty." These pleas put in issue every element of the crimes charged and make it incumbent upon the government to prove beyond a reasonable doubt every element of the crimes charged.

INSTRUCTION NO. 8

The law presumes a defendant to be innocent of crime.  This presumption remains with him throughout the trial.  Thus, a defendant, although accused, begins the trial with a "clean slate," with no evidence against him and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.  The presumption of innocence alone is sufficient to acquit the defendant now on trial, unless the jurors are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence in the case.

INSTRUCTION NO. 9

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

INSTRUCTION NO. 10

Burden of proof means burden of persuasion.  The burden is always upon the government to prove beyond a reasonable doubt every essential element of the crimes charged.  In determining whether or not it has met this burden, you must consider all the evidence.

INSTRUCTION NO. 11

A separate crime is charged in each count of the Indictment. Each count and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other crimes charged. Your verdict with respect to each count of the Indictment must be unanimous.

INSTRUCTION NO. 12

Wire Fraud (18 U.S.C. § 1343)

Dr. Tao is charged in Counts 1 through 6 with violations of 18 U.S.C. section 1343.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    the defendant devised or intended to devise a scheme to defraud another of money or property, as alleged in the indictment;

*Second*:    the defendant acted with specific intent to defraud;

*Third*:    the defendant used interstate or foreign wire communications facilities or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*:    the scheme employed false or fraudulent pretenses, representations, or promises that were material.

For each count, the jury must unanimously agree that Dr. Tao committed wire fraud with respect to at least one of the University of Kansas, National Science Foundation, or the U.S. Department of Energy in order to find the defendant guilty.

A "scheme to defraud" includes conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension to deprive them of money or property.

An "intent to defraud" means to act with intent to deceive or cheat someone, ordinarily for the purpose of causing financial loss to another or bringing about financial gain to oneself.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of interstate wire communications was closely related to the scheme, in that the defendant either wired something or caused to be wired something in an attempt to execute or carry out the scheme.

Interstate wire communications include email and internet communications and other electronic transmissions between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Foreign wire communications include email and internet communications and other electronic transmissions between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud is a separate offense.

If you find that the government has not proved any one of the essential elements beyond a reasonable doubt, you must acquit the defendant.

INSTRUCTION NO. 13

False Statements (18 U.S.C. § 1001(a)(2))

Dr. Tao is charged in Counts 7 and 8 with violations of 18 U.S.C. section 1001(a)(2).

This law makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | with respect to each count, the defendant made a false, fictitious, or fraudulent statement or representation to the government, as alleged in the indictment; |
| *Second*: | with respect to each count, the defendant made the statement knowing it was false; |
| *Third*: | with respect to each count, the defendant made the statement willfully, that is deliberately, voluntarily and intentionally; |
| *Fourth*: | with respect to each count, the statement was made in a matter within the jurisdiction of the executive branch of the United States; and |
| *Fifth*: | with respect to each count, the statement was material; specifically, for Count 7, the alleged false statement was material to the U.S. Department of Energy or National Science Foundation; for Count 8, the alleged false statement was material to the U.S. Department of Energy. |

In order to convict on Count 7, the jury must unanimously agree that the elements are satisfied as to at least one federal agency.

A "false statement or representation" is an assertion that is untrue when made or when used and which is known by the person making it or using it to be untrue when made or when used.

A matter is within the jurisdiction of the executive branch of the United States if an agency has the power to exercise authority in a particular situation.  The false statement or representation need not be made directly to the agency or department.

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the federal agency; specifically for Count 7, the National Science Foundation or the U.S. Department of Energy; and for Count 8, the U.S. Department of Energy.

It is not necessary that the agency was in fact influenced in any way.

If you find that the government has not proved any one of the essential elements beyond a reasonable doubt, you must acquit the defendant.

INSTRUCTION NO. 14

Aiding and Abetting (18 U.S.C. § 2(b))

A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crimes if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.

INSTRUCTION NO. 15

Knowingly and Willfully

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish.

The term "willfully," as used in these instructions to describe the alleged state of mind of the defendant, means that he knowingly performed an act or acted deliberately and intentionally and "on purpose" as contrasted with accidentally, carelessly, or unintentionally.

INSTRUCTION NO. 16

In every crime there must exist a union or joint operation of act and intent.

The burden is always upon the government to prove both act and intent beyond a reasonable doubt.

INSTRUCTION NO. 17

The question of intent is a matter for you to determine.

Intent is a state of mind. Since it is not possible to look into a person's mind to see what went on, the only way you have of arriving at the intent of the defendant is for you to take into consideration all of the facts and circumstances shown by the evidence, including the exhibits, and determine from all such facts and circumstances what the intent of the defendant was at the time in question.

INSTRUCTION NO. 18

The good faith of the defendant is a complete defense to all of the charges, as good faith is, simply, inconsistent with intent to act criminally, to defraud or willfulness, which are essential elements of the charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held by him at the time of the alleged acts, or pursuant to a belief honestly entertained by him at the time of the alleged acts, is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to act criminally, or with specific intent to do something the law forbids.

These statutes are written to subject to criminal punishment only those people who knowingly participate in a crime and/or knowingly defraud or attempt to defraud. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

Evidence that the defendant under consideration acted in good faith may be considered by you, together with all the other evidence, in determining whether or not he knowingly committed any of the underlying charges contained in this indictment.

It is your duty to give separate consideration of any such evidence as it pertains to each count. Please remember that the burden of proof rests with the government. A defendant is under no burden to prove his good faith; rather, the government must prove criminal intent beyond a reasonable doubt.

INSTRUCTION NO. 19

Dr. Tao has offered evidence of someone's opinion as to his good character. You should consider such evidence along with all the other evidence in this case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 20

Dr. Tao has offered evidence in the form of reputation for honesty and integrity.  You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime.  Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 21

There are two types of evidence from which a jury may properly find a defendant guilty of crime.  One is direct evidence, such as the testimony of an eyewitness.  The other is circumstantial evidence, the proof of a chain of circumstances pointing to the commission of the offense.

The law makes no distinction between direct and circumstantial evidence but requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

INSTRUCTION NO. 22

The weight to be given the evidence is determined not by the number of witnesses or the amount of testimony produced by either side, but by the credibility of the witnesses and the nature and quality of their testimony. The evidence of one witness who is entitled to full credit is sufficient for the proof of any fact in this case, and you would be justified in returning a verdict in accordance with such testimony even though a number of witnesses gave conflicting testimony, if from the consideration of the whole case and the reliability and credibility of the various witnesses you believe the one witness as opposed to the greater number of witnesses.

Always keep in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 23

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness's relationship to the government or to the defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 24

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law applicable to, this case.

INSTRUCTION NO. 25

The defendant is on trial only for the acts alleged in the Indictment.  He is not on trial for any other acts or conduct.  In determining whether the defendant is guilty or not guilty, you are therefore to consider only whether the defendant has or has not committed the acts charged in this Indictment.  Even if you are of the opinion that he is guilty of some offense not charged in the Indictment, you must find the defendant not guilty if the evidence does not show beyond a reasonable doubt that the defendant committed the specific acts charged in the Indictment.

INSTRUCTION NO. 26

Evidence has been received regarding law enforcement methods and equipment used in the investigation of this case.  Likewise, evidence has been received concerning enforcement methods and equipment which were not used in relation to the investigation.

You may consider this evidence for the purpose of evaluating the weight of the evidence produced by the government and the credibility of law enforcement personnel involved in the investigation.  However, there is no legal requirement that the government, through its enforcement agents, must use all known or available crime detection methods or any particular type of equipment in its investigations.

INSTRUCTION NO. 27

During this trial, you have heard sound recordings of certain conversations in the Mandarin and Sichuan dialects of the Chinese language. You were provided with English transcripts of those conversations. The parties have stipulated to the accuracy of the English transcripts of each of the Mandarin and Sichuan recordings which were prepared by qualified experts in the area of Mandarin and Sichuan interpretation and translation. With respect to the recordings that were in the Mandarin and Sichuan dialects, you should not rely in any way on any knowledge you may have of the languages spoken in the recordings. Your consideration of the transcripts should be based on the evidence introduced in the trial.

INSTRUCTION NO. 28

You are instructed that the testimony offered by agents, officers or employees of the government shall not be given any greater weight or credibility by the fact alone of their office, but that such testimony should be weighed and considered as to the credibility on the same ground and for the same reason that the testimony of all other witnesses is weighed and judged.

INSTRUCTION NO. 29

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. 30

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 31

Certain charts and summaries have been shown to you to help explain the evidence in this case.  Their only purpose is to help explain the evidence.  These charts and summaries are not evidence or proof of any facts.

INSTRUCTION NO. 32

The law does not compel a defendant to testify.  The fact that the defendant did not take the witness stand and testify in his own behalf does not create any presumption against him.  You must not permit that fact to weigh in the slightest degree against the defendant, nor should it enter into your discussions or deliberations in any manner.

INSTRUCTION NO. 33

Statements, questions and arguments of counsel are not evidence.  The evidence consists of the sworn testimony of the witnesses and all exhibits received in evidence.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. 34

During the trial I may have questioned witnesses and passed upon objections to the admission of certain testimony or exhibits into evidence.  Questions relating to the admissibility of evidence are solely questions of law for the court, and you must not concern yourselves with the reasons for my rulings.  In your consideration of the case, you must draw no inference from these rulings and you must consider only the evidence which I admitted.

Neither in any question I have asked, nor in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case.  If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

INSTRUCTION NO. 35

The punishment provided by law for the crimes charged is a matter exclusively within the province of the court and may not be considered by the jury in any way in deciding whether the defendant is guilty or not guilty of the crimes charged.

INSTRUCTION NO. 36

During your deliberations, that is when all of you are together in the jury room, you are released from the admonition regarding discussion of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to or watching news reports about the case, doing any sort of independent investigation or discussing the case with any third party, remains in effect at all times until such time as I release you from the admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our

judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

The alternate jurors will not be allowed to participate in deliberations but they remain bound by all aspects of the admonition. The clerk's office will notify the alternate jurors of the verdict and, if appropriate, when they will need to return.

INSTRUCTION NO. 37

During your deliberations, you may refer, if you wish, to any notes you took during the trial. Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO. 38

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous, and it must be unanimous as to each count.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 39

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson and pass the note to my law clerk, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

INSTRUCTION NO. 40

A final suggestion by the court—not technically an instruction upon the law—may assist your deliberations.  The attitude of jurors at the outset of and during their deliberations is important.  It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict.  The reason is obvious:  we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice.  This presupposes and requires deliberation—counseling together in an effort to agree.  Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties.  You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced.  No one can ask more and you will not be satisfied to do less.

April 5, 2022

Date

Julie A. Robinson
United States District Judge